IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MARKET BURGERS, L.L.C., d/b/a CHECKERS | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "the EEOC," "the Commission," or "Plaintiff") brings this action against Market Burgers, L.L.C., d/b/a Checkers ("Checkers" or "Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963 ("the EPA") to correct unlawful employment practices on the basis of sex, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to remedy and correct Defendant's discriminatory job assignments on the basis of sex, and to provide appropriate relief due to a class of female employees as a result of such unlawful practices. As stated with more particularity in paragraphs 10, 11, 15, 19, 20, 21, and 22, the EEOC alleges that Defendant unlawfully discriminated against Charging Party LaToya Snyder and a class of female employees by engaging in unlawful compensation discrimination by paying them lower wages than those paid to their male counterparts for equal work. EEOC further alleges that Defendant discriminated against Charging Party LaToya Snyder and a class of female employees by

scheduling males to work longer hours than females and rejecting the female employees' requests to work full time on the basis of their sex.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. §§ 215(a)(3), 216(c) and 217, as well as pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-3(a), and 2000e-5(f)(1), (3). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.  Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.  At all relevant times, Defendant has continuously been a Limited Liability Company doing business in the State of Pennsylvania and the City of Philadelphia, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.  At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that it has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, LaToya Snyder filed a charge with the Commission, Charge No. 530-2011-01209, alleging violations of Title VII by Defendant. During the reasonable course of the Commission's investigation, the Commission uncovered information which led to the conclusion that Defendant engaged in unlawful compensation discrimination against Snyder and a class of female employees. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  After the parties participated in the Commission's investigation, the Commission issued a Letter of Determination notifying Defendant that there was reasonable cause to believe that it had violated Title VII and the EPA by engaging in sex discrimination against Snyder and a class of female employees based on their wages and the sex-based disparity in their workloads. The Commission then endeavored to eliminate the unlawful employment practices through

informal methods of conciliation, conference, and persuasion. After these efforts were unsuccessful, EEOC so notified Defendant and proceeded with this lawsuit.

## COUNT I
### (Sex-Based Compensation Discrimination in Violation of Title VII)

10. Since at least September 2010, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant has engaged in a continuous practice of suppressing the wages of LaToya Snyder and other female employees occupying the position of Shift Manager because of their gender. In particular:

(a) Defendant hired LaToya Snyder as a "Cashier/Sandwich Maker" employee in November 2009 and promoted her to a Shift Manager position in 2010.

(b) The job duties of a Shift Manager include giving other employees assignment and direction, directing employees to clock out when business is slow and labor costs high, scheduling and approving breaks, approving discounts and employee meals, handling customer complaints, voiding orders, and accessing the facility's computers and safe.

(c) From 2010 through 2011, when Snyder held the position of Shift Manager, Defendant paid her between $7.50 and $7.75 per hour, and refused to pay her as much as her male counterparts, Shift Managers Harjinder Singh and Shahid Javid, among others, even though Snyder performed the same or substantially equal job duties as Singh and Javid, she shared common supervisors with Singh and Javid, and they worked in the same workplace under the same conditions.

(d) In 2011, Defendant hired Juanita Collazo as a Shift Manager, paying her $7.50 per hour, between $.50 and $2.75 less than her male counterparts, even though Collazo performed the same or substantially equal job duties as her male counterparts, she shared common

supervisors with her male counterparts, and she worked in the same workplace under the same conditions.

11. Since at least November 2009, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant has engaged in a continuous practice of suppressing the wages of female employees occupying the "Cashier/Sandwich Maker" position because of their gender. In particular:

(a) From November 2009 and continuing to at least June 2012, Defendant has hired more than thirty female "Cashier/Sandwich Maker" employees at a starting rate of pay of $7.25 per hour, the federal minimum wage. Upon information and belief, Defendant has not paid a starting rate of pay above $7.25 to any female "Cashier/Sandwich Maker" at any time.

(b) In 2011 and continuing through at least June 2012, Defendant has hired several male "Cashier/Sandwich Maker" employees at a starting rate of pay between $7.50 and $8.50 per hour.

(c) The job duties of all "Cashier/Sandwich Makers" include preparing sandwiches and beverages, operating the cash register, taking orders from customers, taking orders at the "drive-thru" counter, serving "drive-thru" customers, cleaning the store, ensuring that cash is accounted for, re-stocking supplies, and various other tasks as necessary.

(d) The male "Cashier/Sandwich Maker" employees, who have all been hired at starting wages between $7.50 and $8.50 per hour, perform these same job duties.

(e) The female "Cashier/Sandwich Maker" employees who have all been hired at the starting wage of $7.25 per hour, perform the job duties of a "Cashier/Sandwich Maker."

(f) The male and female "Cashier/Sandwich Maker" employees perform the same or substantially equal tasks, under the supervision of the same supervisors and in the same workplace, under the same working conditions.

12. The effect of the practices complained of in paragraphs 10 and 11 has been to deprive LaToya Snyder and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13. The unlawful employment practices complained of in paragraphs 10 and 11 were and are intentional.

14. The unlawful employment practices complained of in paragraphs 10 and 11 were and are done with malice and/or reckless indifference to the federally protected rights of LaToya Snyder and a class of female employees working as Shift Managers and "Cashier/Sandwich Makers."

COUNT II
(Sex-Based Discrimination in Terms and Conditions of Employment in Violation of Title VII)

15. Since at least November 2009, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant has engaged in a continuous practice of suppressing the workload and restricting opportunities for advancement of LaToya Snyder and other female employees because of their gender. In particular:

(a) Snyder and other female employees expressed both in their job applications and orally a desire to work at least forty (40) hours per week or, alternatively, as many hours as their male counterparts.

(b) Checkers' General Manager Amrit Singh stated to Snyder that she would be scheduled for additional hours but she and the other female employees who wish to work full-time have averaged just twenty (20) to twenty-five (25) hours per week.

(c) Male Shift Managers and "Cashier/Sandwich Makers" routinely average more than thirty (30) hours per week, from the time they begin working at Checkers through the end of their employment.

(d) Female Shift Managers and "Cashier/Sandwich Makers" have been instructed by General Manager Amrit Singh, or others acting under his direction, to leave work, on the rationale that the restaurant was not sufficiently busy to justify paying these employees.

(e) General Manager Amrit Singh, and others acting under his direction, have not instructed male employees to involuntarily leave work. Instead, male employees have been instructed to arrive at work earlier than they had originally been scheduled to arrive, so they could be compensated for a full eight-hour shift.

(f) Checkers favors male employees in granting their wish to work full-time.

16. The effect of the practices complained of in paragraph 15 has been to deprive LaToya Snyder and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

17. The unlawful employment practices complained of in paragraph 15 were and are intentional.

18. The unlawful employment practices complained of in paragraph 15 were and are done with malice and/or reckless indifference to the federally protected rights of LaToya Snyder and a class of female employees working as Shift Managers and "Cashier/Sandwich Makers."

COUNT III
(Equal Pay Act Violations)

19. Since at least September 2010, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying LaToya Snyder and a

g. Stocking supplies,

23. As a result of the acts complained of in paragraphs 19 through 22, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to LaToya Snyder and a class of females who received lower compensation than male employees for performing substantially equal work.

24. The unlawful practices complained of in paragraphs 19 through 22 were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole LaToya Snyder and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D. Order Defendant to make whole LaToya Snyder and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial;

9

class of female Shift Manager employees lower wages than those paid to their male colleagues, including Harjinder Singh and Shahid Javid.

20. Since at least January 2011, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying a class of female "Cashier/Sandwich Maker" employees lower wages than those paid to their male colleagues, including Narinder Multani, Hiren Patel, Naser Qureshi, and Davinder Singh.

21. All Shift Managers perform essentially equal job duties which require the same level of skill and effort, and entail equal levels of responsibility. These duties include:

a. Directing employees to clock out when business is slow,

b. Scheduling and approving employee breaks,

c. Assigning employees to particular duties within the restaurant,

d. Approving special discounts and employee meals,

e. Addressing customer complaints,

f. Voiding orders, and

g. Accessing the restaurant's computers and safe.

22. All "Cashier/Sandwich Makers" perform essentially equal job duties which require the same level of skill and effort, and entail equal levels of responsibility. These duties include:

a. Preparing food and beverages,

b. Operating the cash register,

c. Taking orders from customers,

d. Serving walk-in and "drive-thru" customers.

e. Cleaning the restaurant,

f. Accounting for cash in the cash register, and

E.   Order Defendant to make whole LaToya Snyder and a class of female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.   Order Defendant to pay LaToya Snyder and a class of female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

G.   Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial and prejudgment interest to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to LaToya Snyder and a class of female employees;

H.   Order Defendant to pay LaToya Snyder and a class of female employees liquidated damages for its willful unlawful conduct, as described above, in amounts to be determined at trial;

I.   Grant such further relief as the Court deems necessary and proper in the public interest; and

J.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ P/K*
DEBRA M. LAWRENCE
Philadelphia District Regional Attorney


*/s/ P/K*
MARIA L. MOROCCO
Supervisory Trial Attorney


*/s/*
PHILIP M. KOVNAT
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Penthouse Suite 1300
Philadelphia, Pennsylvania  19107
(215) 440-2814 (phone)
(215) 440-2848 (fax)
philip.kovnat@eeoc.gov